**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHAO CAI,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

**CASE NO.** 5:26-CV-05172-CTS

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

On September 8, 2026, Petitioner Chao Cai ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id.*) On September 15, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 7.) The same day, Petitioner filed his Reply. (Rep., ECF No. 8.) For the reasons set forth below, the Court GRANTS the Petition in part and ENJOINS Respondents from continuing to detain Petitioner unless, within seven (7) days of

///

the date of this Order, he is provided with an individualized bond hearing before an immigration judge ("IJ").

The Court incorporates the facts as set forth in the Petition regarding Petitioner's background and immigration history and does not repeat them here. (*See generally* Pet.) The Answer neither disputes the Petition's allegations nor provides any additional facts or exhibits. (*See generally* Ans.)

Petitioner challenges his detention on three grounds: (1) Detention in Violation of the Immigration and Nationality Act (Pet. ¶¶ 37–40); (2) Procedural Due Process — Detention Without an Individualized Custody Hearing (*id.* at ¶¶ 41–44); and (3) Substantive Due Process — Detention Not Reasonably Related to Any Legitimate Purpose (*id.* at ¶¶ 45–47). He seeks, *inter alia*, an order directing Respondents to release Petitioner immediately under reasonable conditions of supervision, or in the alternative, an order directing Respondents to release Petitioner unless he is provided with an individualized custody hearing before an immigration judge ("IJ"), at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that no condition of release can mitigate, and at which the IJ considers alternatives to detention and Petitioner's ability to pay any bond. (*Id.* at 13.)

In their Answer, Respondents state that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*." (Ans. 1 (citation omitted).) The Court agrees. In *Rodriguez Vazquez*, the Ninth Circuit held that 8 U.S.C. § 1226 governs "inadmissible and deportable aliens present in the interior of the United States." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026). Petitioner is therefore entitled to "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, *an initial bond hearing before a neutral decisionmaker*, the opportunity to be

represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Petitioner has not yet received an initial bond hearing. (Pet. ¶ 2.) Respondents agree that he is entitled to one. (Ans. 1.) The Court therefore finds that Respondents must release Petitioner unless he is provided with a bond hearing within seven days. Petitioner must thereafter "be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Rodriguez Vazquez*, 183 F.4th at 1167.

The Court notes that the Petition requests immediate release from custody. (*Id.* at 13.) However, the claims asserted in the Petition, which focus on Respondents' failure to provide a bond hearing after Petitioner was detained and the due process implications of continuing to detain Petitioner without considering the evidence showing that he presents no meaningful risk of flight and no danger to anyone, do not support an order requiring immediate release at this time. (*See* Pet. ¶¶ 37–47.) The appropriate remedy at this stage "is an order requiring an individualized bond hearing be held" before an IJ within seven days. *Flores Arroyo v. Mullin*, No. 5:26-CV-04263-KES, 2026 WL 2337883, at *1 (C.D. Cal. Aug. 12, 2026). "Nothing in this order would prevent Petitioner from filing a new petition challenging any proceedings that take place before the IJ. Any such petition should be filed in a new case." *Id.* at *2.

To the extent Respondents argue that the Petition is "defective" because Petitioner has not yet exhausted the available administrative remedies (Ans. 2), exhaustion here may be excused—on habeas review under Section 2241, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Singh v. Holder*, 638 F.3d 1196,

1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)). Under the circumstances presented in this case, the Court finds that exhaustion should be excused. At most, this will excuse Petitioner from the requirement of formally requesting a bond hearing and not from any other step in the administrative process.

IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the Petition to the extent it requests a finding that Petitioner is entitled to a bond hearing;
2. Respondents are ENJOINED from continuing to **detain Petitioner Chao Cai (A 235-244-385)** unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge; and
3. Petitioner may seek reasonable costs and attorney fees after Judgment has been entered, as provided in this Court's Local Rules and any statute authorizing such an award.

DATED: October 6, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE